IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENT BUTTARS<br><br>Plaintiffs,<br><br>v.<br><br>ATLAS TURNER, INC., ET AL.<br><br>Defendants. | : | CONSOLIDATED UNDER MDL 875<br><br>Transferred from the District of Idaho (Case No. 05-00373)<br><br>E.D. PA CIVIL ACTION NO. 09-63422 |

**O R D E R**

**AND NOW**, this **13th** day of **December, 2010**, it is hereby **ORDERED** that Defendant Dana Companies, LLC's Motion to Strike the Declaration of Kevin Buttars, filed on December 1, 2010 (doc. no. 135), is **GRANTED**.[1]

---

[1] Jearold Buttars filed this action in the Fourth Judicial District of Idaho on May 27, 2005. (Pl.'s Reply to Def.'s Mot. Summ. J., doc. no. 55 at 2). This action was removed to the United States District Court for the District of Idaho on September 14, 2005. (Id.). Jearold Buttars has since passed away and Kent Buttars is now Plaintiff in this action. This case was transferred to the Eastern District of Pennsylvania as part of MDL 875 on March 3, 2009. (Transfer Order, doc no. 1).

Jearold Buttars owned and operated his own auto service station, Jerry's, in Idaho Falls, Idaho. (Pl.'s Reply to Def.'s Mot. Summ. J. at 2). Jearold Buttars' son, Kevin Buttars, started working at Jerry's in 1973 and became a mechanic there in 1979. (Id. at 2-3).

According to this Court's Scheduling Order, discovery in this case was to be completed by May 5, 2010. (Def.'s Mot.

Strike, doc. no. 135 at 3). On April 16, 2010, Kevin Buttars was deposed, but did not identify any Maremont Corp. products. (Id.).

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate when there is "no genuine dispute as to any material fact." The "sham affidavit doctrine" is recognized pursuant to Federal Rule of Civil Procedure 56 as a way of showing that there is no genuine issue of material fact. The "sham affidavit doctrine" is based on Federal Rule of Civil Procedure 56. When a state rule conflicts with a Federal Rule of Civil Procedure, the Federal Rule of Procedure prevails. King v. E.I. Dupont De Nemours & Co., 2010 U.S. Dist. LEXIS 91458 at *165 (E.D. Pa. Aug. 25, 2010) (citing Hanna v. Plumer, 380 U.S. 460, 472-73). Since Idaho state courts have not recognized the "sham affidavit doctrine," and federal courts interpreting Federal Rule of Civil Procedure 56 have recognized the doctrine, federal law applies in determining whether Kevin Buttars' declaration should be stricken under the "sham affidavit doctrine." Given that this is an issue of federal law, the MDL transferee court applies the federal law of the circuit where it sits, which in this case is the law of the Third Circuit. In re Asbestos Prods. Liability Litig. (No. VI), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009) (citing In re Diet Drugs Liability Litig., 294 F. Supp. 2d 667, 672 (E.D. Pa. 2003)).

In Hackman v. Valley Fair, the Third Circuit held that "a plaintiff's affidavit contradicting his prior deposition testimony does not create a factual dispute barring summary judgment." 932 F.2d 239, 240 (3d Cir. 1991). In his deposition, plaintiff testified that his union gave him notice on May 31, 1989 or June 1, 1989 that it did not intend to request arbitration on his claim. Id. Then, in an affidavit filed after defendants moved for summary judgment, plaintiff alleged that he was confused during the taking of the deposition and that the union did not notify him of their refusal to proceed to arbitration until later. Id. at 240-41. If the union had notified plaintiff on a later date, plaintiff would have survived summary judgment as his claims would not have been barred by the statute of limitations. Id. The Third Circuit affirmed the district court in rejecting plaintiff's attempt to contradict his deposition testimony noting that, "[w]hen without a satisfactory explanation, a nonmovant's affidavit contradicts earlier deposition testimony, the district court may disregard the affidavit in determining whether a genuine issue of material fact exists." Id. at 241.

---

In Baer v. Chase, Plaintiff Baer sued Chase, the creator of the television series The Sopranos, alleging breach of contract among other claims. 392 F.3d 609, 614 (3d Cir. 2004). Baer alleged that he had helped Chase and given him advice in developing the idea for the television series and that Chase had orally promised to repay him for these services if the show was a success. Id. In his deposition, Baer testified that after October of 1995, he did not provide any information to Chase about the screen play and that everything to which he claimed entitlement to was done by the end of October of 1995. Id. at 613. Then, in a later certification dated October 3, 2003, in opposition to Chase's motion for summary judgement, Baer "sought to clarify his deposition testimony, stating: I also sent him a letter dated February 10, 1997 discussing the Sopranos script prior to making a trip to Los Angeles. After sending the letter, I spoke with Chase's assistant, Kelly Kockzak, who confirmed that Chase had received it. This letter represents the last services I provided to Defendants." Id. at 613-14.

The Court described the "sham affidavit" doctrine noting that, "we have held that a party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict." Id. at 624 (citing Hackman v. Valley Fair, 932 F.2d 239, 241 (3d Cir. 1991)). The Court noted that it would greatly diminish the utility of screening out cases through summary judgment motions if a party who has been deposed at length could later file an affidavit contradicting his testimony. 392 F.3d at 624 (internal citations omitted). However, the Court recognized that in applying the "sham affidavit" doctrine, it should take into account the surrounding circumstances and that a district court would not be required to disregard an affidavit merely because there was a discrepancy with prior deposition testimony. Id. "There are some situations in which sworn testimony can quite properly be corrected by a subsequent affidavit. . . [and] [w]here the witness was confused at the earlier deposition or for some other reason misspoke, the subsequent correcting or clarifying affidavit may be sufficient to create a material dispute of fact." Id. at 625 (quoting Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703 (3d Cir. 1988)).

Baer argued that his deposition statement was mistaken and that "he was thinking in terms of the overwhelming majority of his services." 392 F.3d at 625 (citing Appellant's br. at 62). The United States District Court for the District of New Jersey

rejected Baer's argument reasoning that this matter was of critical importance to his case and was the subject of lengthy questioning in his deposition. Baer, 2004 WL 350050 at *9. The Third Circuit noted that, "[i]f Baer had advanced only the argument that he had made a mistake, exclusion of the later certification might have been appropriate." However, the Court held that the February 10, 1997 letter corroborating Baer's certification alleviated the concerns presented by the "sham affidavit" doctrine. The Court reversed the United States District Court for the District of New Jersey on this issue noting that courts generally have refused to disregard otherwise questionable affidavits when there is corroborating evidence on the record. 392 F.2d at 625 (citing Bushell v. Wackenhut Int'l, Inc., 731 F. Supp. 1574, 1578 (S.D. Fla. 1990)).

Moreover, the Delaware Superior Court, in a decision which is persuasive authority for this Court, has addressed the "sham affidavit" doctrine in the asbestos context. In re Asbestos Litigation. 2006 WL 3492370 at *1 (Del. Super. Ct. Nov. 28, 2006). Defendant Chrysler deposed Tisdel, the witness at issue, on January 13, 2006. Id. Tisdel testified that he recalled changing brakes on a certain automobile, but he couldn't recall whether the replacement brakes were manufactured by Chrysler. Id. On March 16, 2006, the day after Chrysler filed its motion for summary judgment, Tisdel submitted an errata sheet for his deposition and stated that he removed Chrysler gaskets from an automobile. Id. at *2. He submitted that this was a "correction." Id. Tisdel also submitted an affidavit alleging that he relied on a work order, which was never submitted into evidence, to refresh his recollection that he worked with Chrysler asbestos-containing gaskets. Id.

The court noted that the "sham affidavit" doctrine is especially important in mass tort cases where the parties are litigating multiple actions at once and that plaintiffs should be bound by their sworn product identification testimony. Id. at 4. "To allow otherwise would cause product nexus to become a "moving target and would, by consequence, turn the asbestos docket on its head." Id. The court held that Tisdel's errata sheet and affidavit should be stricken as shams. Id. at 6. Tisdel was asked several times in his deposition to identify any asbestos-containing products he was exposed to and failed to identify Chrysler. Id. Because of their familiarity with asbestos cases, Tisdel's counsel knew that Tisdel had to give definitive testimony in his deposition as to all named defendants. Id. The errata sheet offers no explanation for Tisdel's sudden

remembrance of Chrysler products and nothing in his affidavit explains why the work order wasn't produced or why it wasn't available at the time of the deposition. Id. Therefore, the court concluded that Tisdel must have prepared the errata sheet and affidavit solely for the purposes of surviving summary judgment.

In his deposition in the instant case, Kevin Buttars testified that Rush Auto Parts sold three different types of brake replacement parts. (Buttars Depo., doc. no. 53-4 at 110-111).

Q: And do you recall the brand and manufacturer of brake replacement parts that Rush Auto Parts sold?
A: They had several different kinds. They had Wagner- my mind went blank. Raybestos. Can we go on and I'll come back to the other one? There's one more. I don't know why I can't remember it.

(Id.). Kevin Buttars clarified, "Bendix. Bendix is the other kind of brakes that I told you to come back and ask me. . . I gave you two. . . So, I gave you the third one. That's the third one." (Id. at 114-15). Kevin Buttars was asked whether there was anything that would refresh his recollection as to the brake or clutch work his father performed while Kevin Buttars was at Jerry's 66.

Q: Is there anything that would help refresh your memory?
A: Yeah. If I had the work orders to look at, I could tell you.
Q: But those are destroyed, right?
A: I'm assuming. I don't know what he done with them when he sold and moved. . .
Q: Is there anything else other than those work orders that would help refresh your memory?
A: No.

(Id. at 190-91). Kevin Buttars' asserts that during his deposition, he was never asked if he had heard the names Victor, Spicer, or Warner. (Buttars affidavit, doc. no. 54-8 at ¶ 3). He submits that since the deposition, he has reviewed Defendant Dana Companies, LLC.'s Answers to Interrogatories and that had he been shown these documents at that time, he could have identified Victor, Spicer, and Warner products. (Id. at ¶ 4).

The only explanation Plaintiff has offered for Kevin Buttars' sudden recollection of products supplied or manufactured by Dana Companies, LLC was that Kevin Buttars reviewed Dana

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**

---

Companies, LLC's Answers to Interrogatories after the deposition. In his deposition, Kevin Buttars testified that his father worked with three types of products: Wagner, Raybestos, and Bendix. He also testified that there was nothing that would refresh his recollection as to additional manufacturers other than work orders which had since been destroyed. Therefore, Plaintiff cannot argue that Kevin Buttars' affidavit merely supplemented his deposition testimony. Rather, Kevin Buttars' affidavit contradicts his deposition testimony.

The Lloyd Court recognized that sufficient explanations for conflicting affidavits filed after a deposition include the witness being confused or having misspoke at the time of his deposition. Kevin Buttars does not contend that he was confused or misspoke at his deposition, but contends that he has since reviewed documents which refreshed his recollection. Since this rationale is contradictory with his deposition testimony that nothing other than work orders, which have been destroyed, would refresh his recollection, this Court finds Kevin Buttars' explanation to be insufficient.

Defendant's Motion to Strike the Declaration of Kevin Buttars is granted as Defendant has presented evidence that is a "sham affidavit" and Plaintiff has not offered a satisfactory explanation for the contradictory affidavit.